IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MERRILL FRITZ, JR.,            )
                               )
      Plaintiff,         )
                               )
v.                             )    Case No. 16-CV-411-PJC
                               )
NANCY A. BERRYHILL,[1]         )
Acting Commissioner            )
of the Social Security Administration, )
                               )
      Defendant.         )

**OPINION AND ORDER**

Plaintiff, Merrill Fritz, Jr., seeks judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* For the reasons discussed below, the Court holds that the decision of the Commissioner be **REVERSED AND REMANDED**.

**I. Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Act only if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage

---

[1] Effective January 23, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of the Social Security Administration and is substituted as defendant in this action pursuant to Federal Rule of Civil Procedure 25(d).

in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *see, e.g., Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation and quotation omitted).

Step One requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step Two requires that the claimant establish that she has a medically severe impairment or combination of impairments that significantly limit her ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). At Step Three, the claimant's impairments are compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App.1 ("Listings"). A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the Administrative Law Judge ("ALJ") proceeds to determine the claimant's residual functional capacity ("RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e); see 20 C.F.R. §§ 404.1545, 416.945. At Step Four, the claimant must establish that he does not retain the RFC to perform his past relevant work, if any. *See* 20 C.F.R. § 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant's Step Four burden is met, the burden shifts to the Commissioner to establish at Step Five that work exists in significant numbers in the national economy which the claimant, taking into account his

age, education, work experience, and RFC, can perform. *See* 20 C.F.R. §§ 404.1566, 416.966. Disability benefits are denied if the Commissioner meets this burden at Step Five. *See* 20 C.F.R. § 404.1520(a)(4)(v), 416.920(a)(4)(v).

Judicial review of the Commissioner's determination is limited in scope to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Wall*, 561 F.3d at 1052 (quotation and citation omitted). Although the court will not reweigh the evidence, the court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.*

## II. Background

Plaintiff, then a fifty-three-year-old male, filed his application for Title II benefits on August 1, 2014. (R. 129-32). He alleged a disability onset date of January 3, 2014. (R. 129). He alleged that he is disabled due to depression, severe anxiety, panic attacks, agoraphobia, and GERD. (R. 161). Plaintiff's claims for benefits were denied initially on September 25, 2014, and on reconsideration on December 2, 2014. (R. 53-80, 83-87, 89-91). Plaintiff then requested a hearing before an administrative law judge ("ALJ"), and the ALJ held a hearing on October 23, 2015. (R. 29-50). The ALJ issued a decision on December 2, 2015, denying benefits and finding plaintiff not disabled because he was able to perform other

work. (R. 13-28). The Appeals Council denied review, and plaintiff appealed. (R. 1-6; dkt. 2).

The ALJ found that plaintiff was insured through December 31, 2018, and had not engaged in any substantial gainful activity since his alleged disability onset date of January 3, 2014. (R. 18). The ALJ found at Step Two that plaintiff had severe impairments of "hearing loss, anxiety, and depression." *Id.* His alleged impairments of sleep apnea and hypertension "do not support findings of severity," and plaintiff testified that although he was overweight, the excess weight did not cause any limitations. (R. 18-19). Plaintiff's impairments did not meet or medically equal a listing. (R. 19). In assessing the severity of his anxiety and depression, the ALJ reviewed those impairments using the "paragraph B" criteria and determined that plaintiff had moderate limitations in the areas of activities of daily living; social functioning; and concentration, persistence, or pace. (R. 19-20). Plaintiff had not experienced any episodes of decompensation. (R. 20).

The ALJ then discussed plaintiff's testimony, a third-party function report from plaintiff's wife, and the opinions and treatment notes from plaintiff's treating physician and licensed social worker at the VA. (R. 21-23). Based on this evidence, the ALJ found that plaintiff retained the residual functional capacity to perform the full range of work at all exertional levels with the following limitations: "He must avoid loud or continuous noise in a workplace or workplaces with hazards such as heights, opening [sic] machinery or moving vehicles. He is limited to simple, repetitive tasks. He is able to relate to supervisors and co-workers only superficially. He cannot work with the public." (R. 20).

Plaintiff could not perform his past relevant work as an "industrial maintenance repairer" because it was skilled work with an SVP of 8. (R. 23). However, based on the testimony of a vocational expert, the ALJ determined that plaintiff could perform other work, such as a janitor or hand packager. (R. 24). Accordingly, the ALJ determined that plaintiff was not disabled. *Id.*

### III. Analysis

On appeal, plaintiff argues (1) that the ALJ erred in evaluating the medical opinion evidence; and (2) that the ALJ's credibility findings are not supported by substantial evidence.

#### A. Medical Opinion Evidence

Plaintiff argues that the ALJ did not properly assess the medical opinion evidence by raising two separate arguments. Plaintiff argues that the ALJ implicitly gave controlling weight to the opinion of an agency physician but erred in failing to adopt all of the limitations in that opinion – specifically, the limitation on plaintiff's ability to handle changes. (Dkt. 16). Plaintiff also argues that the ALJ did not give good reason for rejecting Dr. Joseph Kennedy's treating physician's opinion. *Id.* Instead, plaintiff contends, the ALJ substituted his judgment for that of the treating physician by equating "clinical observations" regarding plaintiff's mood and concentration with the mental requirements necessary to perform in a work setting. *Id.* Plaintiff's first argument is dispositive but not for the reasons he raises in his brief.

The ALJ discussed the treatment notes from Dr. Joseph Kennedy, which detailed plaintiff's symptoms, diagnoses, physician's impressions, and

5

examination results. (R. 21-23). The ALJ also discussed Dr. Kennedy's August 2014 medical source statement, in which he opined that plaintiff could not maintain attention or concentration for more than half of an eight-hour work day, could not manage the stress of a work environment, and could not function socially for 30% of a work day. (R. 21-22). The ALJ further discussed the opinion of a licensed social worker, Shelly Morris, who treated plaintiff at the VA. (R. 22). In that opinion, Ms. Morris opined that plaintiff had extreme mental limitations in his ability to remember work procedures, to follow simple instructions, and to maintain concentration. *Id.* The ALJ rejected both of these opinions; however, the ALJ failed to discuss any other medical opinion evidence in the record, namely the mental RFC assessments of two agency psychologists. (R. 22-23).

"[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004). Therefore, the assessment of a claimant's residual functional capacity is an administrative assessment and not a medical one. *See Avalos v. Barnhart*, 78 F. App'x 668, 672 (10th Cir. 2003) (unpublished)[2]; 20 C.F.R. §§ 404.1545, 404.1546; SSR 96-5p; SSR 96-8p. However, the applicable regulations and case law provide a framework to guide ALJs in their review and analysis of medical opinion evidence.

Ordinarily, a treating physician's opinion is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory

---

[2] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential, but may be cited for their persuasive value."

diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *see also Hackett v. Barnhart,* 395 F.3d at 1173-74 (citing *Watkins v. Barnhart,* 350 F.3d 1297, 1300-01 (10th Cir. 2003)). If the ALJ discounts or rejects a treating physician opinion, he is required to explain his reasoning for so doing. *See Frey v. Bowen,* 816 F.2d 508, 513 (10th Cir. 1987) (stating that an ALJ must give specific, legitimate reasons for disregarding a treating physician's opinion); *Thomas v. Barnhart,* 147 F. App'x 755, 760 (10th Cir. 2005) (holding that an ALJ must give "adequate reasons" for rejecting an examining physician's opinion and adopting a non-examining physician's opinion).

If an ALJ determines that the treating physician's opinion is not entitled to controlling weight, he must address all of the medical opinions, using the same six factors used to analyze treating physician's opinions. *See* 20 C.F.R. §§ 404.1527(c) and (e) (addressing non-examining physician's opinions). In that circumstance, the ALJ must also weigh all of the medical opinions. *See Keyes–Zachary v. Astrue,* 695 F.3d 1156, 1161 (10th Cir.2012). *Keyes–Zachary* also holds that failure to weigh all opinions can be harmless error, but only when there are no "inconsistencies either among these medical opinions or between the opinions and the ALJ's RFC." *Id.* at 1161–62. The harmless error analysis is appropriate when all opinions are consistent because "[w]hen the ALJ does not need to reject or weigh evidence unfavorably to determine a claimant's RFC, the need for express analysis is weakened." *Howard v. Barnhart,* 379 F.3d 945, 947 (10th Cir.2004).

In this case, the agency psychologists who reviewed plaintiff's claim at the initial and reconsideration levels provided a mental RFC assessment. The ALJ not only failed to weigh these opinions, he failed to discuss them. At both the initial and reconsideration levels, the agency psychologists opined that plaintiff

> is capable of understanding[,] remembering, and carrying out simple and some complex tasks with routine instructions. He can relate to supervisors and coworkers on a superficial basis. He should pursue work that does not involve dealing with the general public. He can adapt to a work environment with forewarned changes [sic] a reasonably consistent environment.

(R. 63, 77). As plaintiff points out, the ALJ ultimately adopted most of these limitations, but the ALJ did not include the limitation regarding plaintiff's inability to adapt to changes. (R. 20, 63, 77).

Accordingly, even if the harmless error analysis of *Keyes-Zachary* applied to cases where the ALJ failed even to *discuss* medical opinion evidence in the administrative record, the ALJ's RFC appears to be inconsistent with the agency psychologists' opinions. Here, the ALJ has failed to provide any analysis at all, thereby depriving the Court of the ability to conduct a meaningful review of the ALJ's decision. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (holding that "[i]n the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion," making the ALJ's decision "beyond meaningful review.") Therefore, the Court must reverse the Commissioner's decision and remand the case for further proceedings.

**B. Credibility**

Plaintiff argues that the ALJ's credibility findings are not supported by substantial evidence. "Since the purpose of the credibility evaluation is to help the ALJ assess a claimant's RFC, the ALJ's credibility and RFC determinations are inherently intertwined." *Poppa v. Astrue,* 569 F.3d 1167, 1170 (10th Cir.2009). On remand, the ALJ should also reassess his credibility findings.

**Conclusion**

Because the ALJ failed to properly consider all the medical opinion evidence in assessing plaintiff's RFC, the Court holds that the ALJ did not apply the proper legal standards. Accordingly, the decision of the Commissioner finding plaintiff not disabled is hereby **REVERSED AND REMANDED** for further proceedings.

ENTERED this 22nd day of September, 2017.

_____
Paul J. Cleary
United States Magistrate Judge